UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-CR-38 |
| | ) | |
| MICHAEL L. ROSS | ) | |
| | ) | |

**OPINION AND ORDER**

Michael Ross ("Ross") is currently serving a 96 month sentence for possession with intent to distribute more than five grams of crack, in violation of 21 U.S.C. § 841(a)(1). He now moves this Court to reduce his sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines Manual ("USSG") and 18 U.S.C. § 3582. [DE 48]. The Government opposes Ross's petition asserting that Ross was sentenced pursuant to the terms of a binding plea agreement and, under the Seventh Circuit's interpretation of the holding in *Freeman v. United States,* ––– U.S. ––––, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), this fact alone bars the relief sought. After reviewing Ross's petition, the Government's response and the applicable case law, the Court sought further briefing related to the specific language in Ross's plea agreement. The parties completed briefing on December 9, 2015.

For the following reasons, the Court concludes that because Ross was sentenced pursuant to a binding plea agreement, the terms of which do not expressly or impliedly indicate that the sentencing guidelines range (which might subsequently be lowered) were a factor in the determination of the binding sentence, Ross's motion for reduction will be DENIED.

**DISCUSSION**

a. **General Governing Principles**

1

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress Amendment 782 of the U.S. Sentencing Guidelines, proposing a downward revision to the applicable sentencing ranges for drug trafficking offenses. On November 1, 2014, Amendment 782 and its retroactive application became effective; however, the Commission required that any sentence reduction based on these amendments not take effect until November 1, 2015.

Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, §3582(c)(2) allows the Court to reduce a previously imposed sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" retroactively. *United States v. Taylor,* 778 F.3d 667, 672 (7th Cir.2015).

Guideline § 1B1.10(a) provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G §1B1.10(a)(2014). As noted above, the relevant amendment here is Amendment 782, which revises the Drug Quantity Table in USSG § 2D1.1, and reduces the offense level applicable to certain drug offenses by two levels. *See United States v. Hairston,* No. 1:00–CR–00042, 2015 WL 3439227, at *1 (N.D.Ind. May 28, 2015).

b.  **Application to Binding Plea Agreements**

2

As noted initially, Ross was sentenced to 96 months imprisonment pursuant to the terms of a binding plea agreement as set forth in Fed.R.Crim.P. 11(c)(1)(C). In *Freeman v. United States,* ––– U.S. ––––, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), the Supreme Court addressed the issue of whether a criminal defendant who enters into a plea agreement that recommends a particular sentence as a condition of the plea pursuant to Rule 11(c)(1)(C) may be eligible for relief under 18 U.S.C. § 3582. *Id.* at 2690.

In *Freeman,* a majority of the Court in fragmented opinions held that there is no *per se* rule barring a defendant who enters into a Rule 11(c)(1)(C) plea agreement that is subsequently accepted by the Court from seeking a reduction of his sentence pursuant to § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines. However, the plurality and the concurring opinions set forth different reasons for reaching the ultimate holding. The four-Justice plurality held that a defendant could seek relief under § 3582(c)(2) if the *judge's sentencing decision* was "based on" the guideline range. *Freeman,* 131 S.Ct. at 2695 ("Even when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief."). In a concurring opinion, Justice Sonia Sotomayor found that the focus of the relevant inquiry should be whether the *plea agreement between the parties* used the guideline sentencing range that has subsequently been lowered. *Id.* at 2699 (Sotomayor, J., concurring). Indeed, as Justice Sotomayor observed "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon ..." *Freeman,* 131 S.Ct. at 2697. This is because "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject." *Id.*

3

In *United States v. Dixon,* the Seventh Circuit adopted Sotomayor's approach in *Freeman* and examined Dixon's underlying plea agreement. In determining that Dixon did not qualify for a reduction, the panel wrote as follows:

> Under Justice Sotomayor's approach, a prisoner sentenced under a binding plea agreement is eligible for § 3582(c)(2) relief only if the binding plea agreement itself expressly refers to and relies on a guideline sentencing range. Dixon's written plea agreement provided that 'the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons for at least fifteen but no more than twenty years.' Because there was no specific reference to a Guideline range, Dixon's agreement does not qualify for Justice Sotomayor's first exception. To qualify under her second exception, his agreement either would have had to 'expressly use' a Guideline range or a Guidelines sentencing range would have to be 'evident from the agreement itself.' No Guideline range appears in the written terms of the plea agreement that could have formed the basis for the fifteen to twenty year sentencing range. Nevertheless, the agreement sets forth information about Dixon's offense level (37) and criminal history category (VI). The Guideline range for offense level 37 and criminal history category VI is 360 months to life in prison. That much is evident from the agreement itself. Unlike the plea agreement in *Freeman,* though, Dixon's plea agreement did not expressly link the offense level and criminal history to the much lower agreed sentence range—fifteen to twenty years' imprisonment. In short, the written terms of the agreement itself do not 'make clear' that any particular Guidelines range was 'employed.' See *Freeman,* 131 S.Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment).

Subsequent to *Dixon,* the Seventh Circuit decided *United States v. Scott,* 711 F.3d 784, 787 (7th Cir.2013) wherein it reiterated, "[a] defendant who agrees to a specific sentence in a plea agreement under Rule 11(c)(1)(C) generally is not eligible to receive a reduced sentence under § 3582(c)(2) because that statute does not grant relief for sentences based not on a guidelines range, but on an agreed term." The Court went on to specify, "[t]he only exceptions occur when the plea agreement specifies that the sentence must be within an identified guidelines range *or states that the basis for an agreed term is a particular sentencing range.*" *Scott,* 711 F.3d at 787 (emphasis added).

4

Most recently, the Seventh Circuit, in an unreported opinion captioned *United States v. Buckley*, 571 Fed.Appx. 472 (7th Cir. 2014) reiterated the holding in *Dixon* and *Freeman* that "[g]enerally a defendant who pleads guilty and agrees to a specific term of imprisonment under Rule 11(c)(1)(C) is not eligible for a reduction in that sentence under § 3582(c)(2)." The Court went on to explain that the "exception is when the agreed sentence is 'based on' the guidelines range." *Freeman,* 131 S.Ct. at 2697–98 (Sotomayor, J., concurring); *Dixon,* 687 F.3d at 359-60. The *Buckley* Court then examined the plea agreement in the case and noted the following:

> Buckley's amended plea agreement does not state *or even imply* that his term of imprisonment is based on a guidelines range. Although the parties agreed to the base offense level, they did not agree on Buckley's criminal-history score or try to determine the resulting imprisonment range. The agreement does not "make clear" that the basis for Buckley's 204–month term is a guidelines range that might later be lowered.

*Buckley,* 571 Fed.Appx. at 476 (emphasis added). Significantly, the Court refused to look beyond the express terms of the plea agreement to make its determination: "Our inquiry is limited, however, to the language of the plea agreement; parol evidence is not to be considered." *Buckley, 571 Fed.Appx. at 476 (citing Dixon,* 687 F.3d at 361; *United States v. Browne,* 698 F.3d 1042, 1045 (8th Cir.2012).

District Courts within the Seventh Circuit, while noting the clear Seventh Circuit authority set out above, have, in principle, taken issue with the general notion that binding plea agreements are not based on a defendant's potential guideline range. Most recently, in *United States v. Flores*, 2015 WL 5692807 (N.D.Ill., September 28, 2015), the district judge noted that "[h]aving sentenced countless defendants based on Rule 11(c)(1)(c) agreements, this court recognizes the governing law but strongly disagrees with it." *Id.at \*2.* The court went on, however, to deny a modification where a defendant's plea agreement did not tie the stipulated sentence to a particular guideline

5

range. Citing to Freeman and the 7th Circuit's holdings in *Dixon* and *Buckley*, the court noted that the language in Flores' plea agreement that "the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 175 months" demonstrated that the sentence was based on a specified term and not a guidelines range. *Id. at *2.* The court further noted in a footnote in the Opinion:

> Seventh Circuit law makes plain that unless a plea agreement directly references the defendant's applicable guidelines range, the defendant is not eligible to receive a reduced sentence under §3582(c)(2) because the sentence was not based on the guideline range but on an agreed term. *See, e.g., Scott,* 711 F.3d at 787; *Dixon,* 687 F.3d at 359; *see also United States v. Dismukes,* No. 04 CR 1090, 2010 WL 2350715, at *2–3 (N.D.Ill. June 11, 2010)…First, as this court is required to do, it calculates the guideline range in every case, even cases with Rule 11(c)(1)(c) agreements; consideration of the guideline range always informs every decision whether to accept the parties' agreement. Second, while the court is not a party to plea negotiations, it cannot even imagine that the applicable guideline range does not inform the government's plea offers and the defendant's willingness to accept them; these sentencing agreements do not materialize out of thin air but are formed in the context of guideline expectations.

*Id.* at *2, fn. 1.

c. **Application of Precedent to Ross**

As set out initially, Ross's sentence was 96 months based on the terms of her binding plea agreement under 11(c)(1)(C). Absent the binding plea, wherein Ross pled guilty to Count 4, Ross's total offense level was 21, his criminal history category was VI and his sentencing range was 77-96 months. However, Ross had a prior felony drug conviction for which the Government could have noticed for an enhancement pursuant to 21 U.S.C. §851. This would have resulted in Ross being subject to a 120 month mandatory minimum sentence. To avoid this result, Ross entered into a binding plea agreement for 96 months that contained the following language:

> The government and I agree that I should be sentenced to 96 months imprisonment on Count 4. The agreement contained in this paragraph is a binding agreement pursuant to Rule 11(c)(1)(C).

Plea Agreement ¶7(d).

Having reviewed the above language in the context of the entire agreement, the Court notes that the agreement itself is completely void of any mention of Ross's potential guidelines exposure, his criminal history category or offense level and any other language tying the binding sentence above to the Sentencing Guidelines. Other than a general acknowledgement in the agreement that the Court is obligated, with the assistance of the United States Probation Department, to calculate the advisory guidelines range and ultimately determine the appropriate sentence, the agreement is silent as to the Sentencing Guidelines. Accordingly, given the clear mandate by the Seventh Circuit that a sentence modification is not justified where the terms of the plea agreement itself do not tie a binding sentence expressly or impliedly to the Sentencing Guidelines, Ross's petition must be DENIED.

## CONCLUSION

Based on the foregoing, Ross's Petition for Reduction of Sentence is DENIED. [DE 48].

Entered: January 5, 2016

s/ William C. Lee
United States District Judge