UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.   1:09cr38 |
| | ) |
| MICHAEL L. ROSS | ) |

OPINION AND ORDER

This matter is before the Court on a "Motion to Reconsider Federal Prison Sentence", filed by defendant Michael L. Ross ("Ross"), *pro se*, on December 16, 2022.  The Government filed an objection to the motion on January 27, 2023.

For the following reasons, the motion will be denied.

Discussion

On August 17, 2009, Ross was sentenced to 96 months imprisonment and five years of supervised release upon his conviction for Possession with Intent to Distribute Cocaine Base "Crack," in violation of 21  U.S.C. § 841. Ross was released from his initial term of imprisonment on or  about January 15, 2016. On November 14, 2019, Ross was sentenced on his conviction in the Allen County Superior Court in case number 02D04-1810-F2-47 for Count II, Dealing in Cocaine or Narcotic Drug. The state court imposed a sentence of 12 years imprisonment, with six of those years suspended, and four years on probation.

On November 4, 2020, Ross's federal term of supervised release was revoked, and he was sentenced to a term of imprisonment of 36 months in the Bureau of Prisons (BOP), with 12 of those months to be served concurrently to Ross's state court case and 24 months to run consecutively. The defendant is projected to finish serving his state prison sentence on May 6, 2024.

In his present motion, Ross seeks to present new evidence. Ross states that he has completed a drug rehabilitation program, has completed a life skills program and also has "a great conduct report and work history" at the Indiana Department of Corrections. (Motion at p. 2). Ross also wishes to present evidence that his incarceration is presenting a hardship to his family and that his 24 month federal sentence is "preventing his next step towards reintegrating in society". (*Id.*). Ross requests that his 24 month federal sentence be modified to run concurrently with his state sentence.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). It is well established that once a district court has pronounced sentence and the sentence becomes final, the court has no inherent authority to reconsider or alter that sentence. Rather, it may do so only if authorized by statute. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization") (internal quotation marks omitted). Once a sentence "has been imposed," § 3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment." Congress grants the district courts authority to modify a final sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on its own motion if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35. A final sentence is only modifiable under Fed. R. Crim. P. 35 if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence." Ross's motion does not fall under any of the above categories.

Additionally, this court's statutory authority to modify an imposed term of imprisonment is

set forth in 18 U.S.C. § 3582(c), which states that "the court may not modify a term of imprisonment once it has been imposed except" when the defendant satisfies the criteria listed in the statute. Ross bears the burden of establishing his entitled to relief under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Gold*, 459 F. Supp. 3d 1117 (N.D. Ill. 2020). Clearly, Ross has failed to establish facts which meet the statutory criteria for modification of his sentence.

Moreover, the Sentencing Guidelines in effect when Ross was sentenced for his supervised release on November 4, 2020, also remain unchanged. Prior to the disposition hearing, Ross's applicable guideline range based on a Grade A violation for a new criminal offense and a criminal history category of VI was 33-41 months. However, due to the maximum term of imprisonment being three years, the final guideline range of imprisonment was 33-36 months followed by a potential five years of reimposition of release (minus any term of imprisonment imposed). (DE 84). Ross was sentenced to 36 months, with 12 months to run concurrent to his state sentence.  Thus the Guidelines provide no basis for a sentence modification.

As there is no basis, statutory or otherwise, to modify Ross's sentence, his motion is denied.

## Conclusion

On the basis of the foregoing, Ross's "Motion to Reconsider Federal Prison Sentence" (ECF 90), is hereby DENIED

Entered: March 24, 2023.

                                                          s/ William C.  Lee
                                                         William C. Lee, Judge
                                                         United States District Court